## IN the MATTER OF the BAR ADMISSION OF James W. DIRKS.

Supreme Court

*No. 87–2467–BA. Submitted on briefs March 23, 1988.— Decided May 11, 1988.*

(Also reported in 422 N.W.2d 857.)

For the appellant (James W. Dirks) there were briefs by *Leslie F. Kramer, Gary L. Antoniewicz* and *Antoniewicz, Gregg & Kramer, S.C.,* Madison.

For the Board of Attorneys Professional Competence there was a brief by *Daniel D. Stier,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

PER CURIAM. *Review of Board of Attorneys Professional Competence decision; decision affirmed.*
We review, pursuant to the court's inherent authority over admission to the practice of law in

Wisconsin, the decision of the Board of Attorneys Professional Competence (Board) denying the application of James W. Dirks for admission to the bar on proof of practice elsewhere. That denial was based on the Board's conclusion that Mr. Dirks failed to establish his qualifications for admission and on his refusal without good cause to furnish available information requested by the Board to support his application. We determine that the Board's decision to deny the application was proper.

Mr. Dirks applied for bar admission under SCR 40.05 on the basis that he had been primarily engaged in the active practice of law in California for three of the last five years prior to making application. By letter of May 1, 1987, the Board required copies of his complete federal income tax returns, including schedules showing business income or loss, to support his contention that he was primarily engaged in the active practice of law as a sole practitioner during the relevant period. In response, Mr. Dirks submitted a copy of three federal income tax returns on which he had edited out the figures showing income and deductions, stating in a cover letter that he found the request for that information "unreasonable and oppressive" and "irrelevant" to a determination whether he had, in fact, actively practiced law.

The Board then informed Mr. Dirks by a letter of June 10, 1987, of its decision to deny his application for admission for the reasons that it was unable to determine, on the basis of the information he had submitted in the application process, whether he had been primarily engaged in the active practice of law in California for the requisite period and that he consequently failed to meet the burden of proof to establish qualifications for bar admission and, further, that he

had refused to furnish available information without good cause. After Mr. Dirks contested that decision, the Board reviewed his application and all subsequent correspondence and, by letter of July 17, 1987, affirmed its decision to deny his application. Mr. Dirks then sought review of the decision in this court and we ordered him and the Board to file briefs in the matter.

In his brief, Mr. Dirks argued that he established satisfaction of the active practice requirement of SCR 40.05 by his submissions to the Board, which included his application, in which he swore to the fact that he had engaged in the active practice of law in California for the requisite period of time, the tax returns specifying his occupation as attorney and letters from three California attorneys and a court bailiff stating their personal knowledge of his having been primarily engaged in the practice of law for the requisite period. He asserted that the income and expense information sought by the Board in the tax returns would not have been probative of his active practice, for he could have earned a great deal of income as a result of merely a few lucrative cases or, conversely, could have earned very little by virtue of having engaged principally in pro bono work.

Mr. Dirks contended that the Board's denial of his application was premised not on his failure to establish active practice, but on his refusal to provide copies of complete tax returns. In this regard, SCR 40.07 provides, in part, "Refusal of an applicant to furnish information available to him or her or to answer questions relating to his or her fitness and qualifications, without good cause, shall be deemed a sufficient basis for denial of the application .... " It was Mr. Dirks' contention, then, that the Board's adverse decision was improper, as the information it sought

would not have been probative in any event and this constituted good cause for his refusal to provide it.

Finally, Mr. Dirks argued that he was denied due process and equal protection by the Board's having drawn an "irrational distinction" between attorneys who practice from their residences and those who work in offices outside the home. He contended that the Board seeks business income and expense information from only those bar admission applicants who work from their homes, arguing that this means of evaluating an application, including his own, does not bear a "necessary relationship" to the Board's objectives, cannot withstand "strict scrutiny" or application of the "rational basis" test and is not the least restrictive means available.

In response, the Board declared that its request for Mr. Dirks' tax returns was premised on the statements in his application that his legal practice was in the areas of appellate advocacy, legal research and writing and that his primary office location was his home. The Board stated that, having been unable to determine from the material submitted whether Mr. Dirks had been primarily engaged in the active practice of law for the requisite period, it sought business income and expense information as a reasonable indicator of the extent of his practice. The Board considered his refusal to furnish that requested information to be without good cause and therefore in itself a sufficient basis for denial of his application.

On the issue of the relevancy of the tax information sought, the Board took the position that, while not determinative of an applicant's satisfaction of the active practice requirement, business income and expense information is "reasonably probative." The Board stated that it routinely seeks that information

from applicants, those who practice outside the home and those who practice from their residences. In response to Mr. Dirks' suggestion in his brief that the Board could have requested his time and billing records rather than his tax returns, the Board stated that it generally requests such records only when doubt remains after it has reviewed tax return information provided by applicants. Further, the Board asserted, it considers a request for tax returns less burdensome than a request for time and billing records.

We reject Mr. Dirks' argument that his refusal to provide the requested tax return information was with good cause, namely, his own determination that the information was irrelevant to the Board's consideration of his qualifications. Having first concluded that it was unable to determine from the application and other information submitted whether Mr. Dirks satisfied the active practice requirement, the Board reasonably sought business income and expense information for the entire period for which active practice had been claimed to support to some extent a conclusion that the applicant had or had not primarily engaged in the active practice of law. Although that information might itself not have been determinative, it could have either satisfied the Board that Mr. Dirks met the practice requirement or prompt it to request additional information in support of his application. Accordingly, the Board's decision to deny the application was proper.

We note in passing that the Board moved to strike Mr. Dirks' reply brief on the ground that it was not timely filed. In response to that motion, Mr. Dirks argued that, under the rules of appellate procedure, chapter 809, Stats., the brief was timely filed. We find

it unnecessary to our determination of this matter to address the issue of the appropriate computation of time in response to a court order for briefs, as opposed to the time for briefs set forth in the appellate procedural rules. We have considered the reply brief filed in this matter and the motion to strike it is dismissed.

IT IS ORDERED that the decision of the Board of Attorneys Professional Competence denying the application of James W. Dirks for admission to the practice of law is affirmed.